## KOHNER v. STATE.

Ohio Appeals, 4th Dist., Pike Co.

Decided Nov. 15, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**225. CHARGE OF COURT.**
1. Provisions of statute, providing for special instructions before argument, apply only to civil cases.
2. When proper instruction is requested before argument, containing correct rule of law, and is refused, court must either incorporate said instruction in general charge or cover proposition involved in its own language.
3. Error to charge that defendant, by claim of self defense, shifted burden from State and placed it upon himself, to establish self defense, by preponderance of evidence. Court having directed attention of the jury to claim of defendant should define defendant's legal rights and instruct jury on law of self defense.

**100. ASSAULT AND BATTERY—1077. Self Defense.**
1. Person can not provoke assault or voluntarily enter into an encounter and then claim right of self-defense.
2. Law requires more than honest belief, on part of accused, that he was about to be assaulted. He must have reasonable grounds for such belief.

**771. MISCONDUCT.**
Remark by court "there was no assault in this case so far as the plaintiff is concerned" directed to counsel for defendant, and made in loud voice within hearing of jury, held so prejudicial as to require reversal of judgment.

Error to Common Pleas.
Judgment reversed.

George D. Nye, Waverly, for Kohner.
Earl D. Parker, Pros. Atty., Waverly, for State.

### STATEMENT OF FACTS.

In the Common Pleas, Benjamin Kohner was convicted of assault on one Charles Noel. His plea was self-defense. At the close of the evidence, and before argument, he asked the court to give jury four special instructions. The court refused to give instruction number one, but did give the other three. It is now complained that the refusal to give instruction number one constituted prejudicial error.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON, J.

The instruction in question was as follows:

"You are charged that when a person is unlawfully assailed he has the right to use force against force and to defend himself by the use of every means in his power to defend himself against such assault, and in this connection you are further charged that a person assaulted is not bound to retreat but may stand his ground and protect himself against an unlawful attack made upon his person by another."

It is well settled that the provisions of the statute providing for special instructions before argument apply only to civil cases. Morrow v. State, 1 Ohio App. 195; Shaw v. State, 11 Oh. Ap. 486. It is further held, however, that when a proper instruction is requested before argument, containing a correct rule of law pertaining to the facts involved and is refused, the court must either incorporate said instruction in its general charge or cover the proposition involved in its own language in the

general charge. Neiswender v. State, 28 O. C. A. 545.

We are satisfied, however, that the special instruction was properly refused and was not a correct statement of the law. The rule which warrants the right to use force has been stated in many different forms by various courts, but in every instance there must be the condition that the person, when unlawfully assaulted, must be without fault himself, as some of the courts say, or as other courts express it, he must be "in the peace of the state." In other words, a person can not provoke an assault or voluntarily enter into an encounter with another and then claim the right of self-defense. We are of the opinion, therefore, that the refusal complained of, under the form of the instruction as presented, was proper and that there was no error in the action of the court in this behalf.

In this connection it may also be observed that the second special instruction, as given to the jury, was not a correct statement of the law. In that instruction the jury were told that if the defendant believed that Charles Noel was about to assault him, "viewing the facts from the stand point of the defendant," the latter had the right to repel such an assault. The law requires something more than an honest belief on the part of the party accused, viewing the facts from his stand point. He must not only have such belief but he must further have "reasonable grounds" for such belief.

The bill of exceptions shows that at the time the special instructions aforesaid were presented to the court, and while the same were being considered, the court made the following remark, to which counsel for the defendant objected and excepted:

"There was no assault in this case, so far as the plaintiff is concerned."

It is asserted by counsel for the defendant that this remark was addressed to him in a loud and emphatic tone while counsel was standing at the trial table, and so far as the record discloses it was made in the presence of the jury and, we must assume, was heard by the jury. We are impelled to hold that this statement was prejudicial to the rights of the defendant.

It is further complained that the court erred in its general charge to the jury when it stated that the defendant, by his claim of self-defense, shifted the burden from the state and placed it upon him to establish claim of self-defense by a preponderance of the evidence. The court, after having directed the attention of the jury to the claim of the defendant in this respect, should have defined to the jury what the defendant's legal rights were under that claim and should have instructed the jury on the law of self-defense. This, as before observed, was not done. The failure of the court to define that issue, in our opinion, presents the only serious infirmity in the general charge.

For the errors above indicated, the judgment must be and is reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

(Mauck, J., and Sayre, PJ., concur.)